UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


United States of America,

    Plaintiff                               Case No:    1:95-cr-70

v.                                       HONORABLE PAUL L. MALONEY
                                              Chief United States District Judge

Kendrick Logan,

    Defendant
_____/


**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR REDUCTION
OR MODIFICATION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582 (c)(2)**


       Defendant has filed a Motion for Reduction or Modification of Sentence pursuant to 18. U.S.C. § 3582 (c)(2) and Amendment 706 to the Sentencing Guidelines. Defendant's Motion is **DENIED** for two reasons:

       First, a reduction is precluded by binding Sixth Circuit case law, specifically United States v. Washington, No. 09-5110/5771 (6th Cir. Oct. 27, 2009).

       Second, even if this Court had the authority to modify this Defendant's sentence, on the merits, the Court would deny the Motion.

       The parties agree that Amendment 706 did not cause a reduction in Defendant's guideline range. Due to the massive quantities of crack cocaine for which Defendant was held responsible (12 kilograms) without objection at the original sentencing, his base offense level remained at 38 after the application of the

Amendment. See Amendment 706 and United States v Stafford, 258 F.3d 465, 475-76 (6th Cir 2001). Pursuant to USSG §1B1.10 (a)(2), the Defendant is not eligible for a reduction/modification of sentence. Washington at pp 10-11.

In addition, the Court's review of Defendant's motion, the report of its probation officer, and the original pre-sentence report, and the Rule 35 (b) reduction, do not persuade the Court that a modification is warranted. Mr. Logan was the leader of a criminal enterprise that involved five or more participants. He set the price for the crack, obtained the drugs, and distributed 12 kilograms of the substance. Just punishment, specific and general deterrence, and respect for law preclude a reduction here.

The Court recognizes the Defendant's accomplishments in prison, specifically his GED certification, good prison work history, and his maintaining a clean conduct record. However, for the reasons stated above, after balancing all factors, the Court would not reduce Defendant's sentence.

IT IS SO ORDERED.


DATED: November 4, 2009          /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 Chief United States District Judge